IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00621-BO-BM

DARIUS DANZY,
        Plaintiff,

v.

CSX TRANSPORTATION, INC.,
        Defendant.

ORDER

This matter is before the Court on Plaintiff Danzy's *pro se* motion to strike Defendant CSX Transportation's answer and affirmative defenses [DE 13].

Federal Rule of Civil Procedure 12(f) allows the court, *sua sponte* or on a motion by the parties, to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Plaintiff has moved to strike all twenty-five paragraphs of Defendant's answer, and all forty of Defendant's affirmative defenses because they "fail to state legal defenses, contain patently and demonstrably false and scandalous matters and is a wholly redundant '[s]hotgun' denial." [DE 13 at 1]. The bulk of plaintiff's motion consists of factual argument, disputing the validity of Defendant's exhibits and the alleged unlawfulness of Defendant's actions.

A motion to strike is not an avenue through which parties are permitted to dispute, or the court is permitted to resolve, questions of fact. *Bell v. Koss*, 2020 WL 4570439, at *5 (S.D.N.Y. 2020). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

To be stricken as scandalous, the challenged material must "unnecessarily reflect on a party's moral character or detract[ ] from the dignity of the court." *Swift Beef Co. v. Alex Lee, Inc.*,

2018 WL 792070, at *3 (W.D.N.C. 2018). Here, Plaintiff challenges the Defendant's attached drug screening report, and states that it "amounts to wholly misleading unmitigated gaslighting of the court and the plaintiff." [DE 13 at 6]. Simply attaching a drug report, however, does not unnecessarily reflect on the moral character of the Plaintiff. The Court has reviewed Defendant's answer in its entirety, and concludes that it is not "redundant, immaterial, or scandalous." Fed. R. Civ. P. 12(f).

To be stricken as insufficient, the challenged defenses must fail to comply with the pleading standard of Federal Rules of Civil Procedure 8(b)(1)(A) and 8(c)(1), which require a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state any avoidance or affirmative defense." Here, Plaintiff appears to argue that Defendant does not "plausibly suggest a cognizable defense," [DE 13 at 9], and that Defendant "simply names a legal theory but does not indicate how the theory is connected to the case at hand," [DE 13 at 11]. However, the Fourth Circuit has stated that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient… as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. App'x 197, 203 (4th Cir. 2004). The Court has reviewed Defendant's affirmative defenses in their entirety, and concludes that they comply with the pleading standard of Rule 8.

For the foregoing reasons, Plaintiff's motion to strike [DE 13] is DENIED.

SO ORDERED, this 13 day of December 2024.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE